UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT A. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:10-cv-01522-TWP-MJD |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON APPLICATION FOR ATTORNEY FEES
UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on the motion by Plaintiff, Robert A. Allen ("Mr. Allen"), for an award of attorney's fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). Mr. Allen applied for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") based on severe physical impairments. His application was denied initially, on reconsideration, and by an Administrative Law Judge. The Appeals Council denied review, and Mr. Allen prevailed on judicial review when this Court remanded his case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (Dkt. 27.) For the reasons discussed below, Mr. Allen's Petition for Attorney Fees Under the Equal Access to Justice Act (Dkt. 30) is **GRANTED**.

**I. DISCUSSION**

The EAJA provides that a successful litigant against the federal government is entitled to recover attorney's fees if: (1) he was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there existed no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A),

(B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). Mr. Allen was the prevailing party and his fee application was filed timely. His counsel seeks compensation for 41.7 hours of attorney time at the rate of $188.75 per hour for a total of $9,626.25. The Commissioner, however, opposes the attorney's fee and asks the Court to reduce the award because the hourly rate sought is unjustified and unreasonable and asks the Court to award fees at the statutory rate.

Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living *or* a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added). "The $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation *or* some other special factor." *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) (emphasis added). Mr. Allen's counsel has calculated an increase in the cost of living using the Midwest Urban Consumer Price Index ("CPI") for 2011, arriving at a rate of $188.75 per hour. The Commissioner argues that Mr. Allen's counsel has failed to demonstrate that without an increase to the requested hourly rate, a competent lawyer in the geographic area would not handle such an appeal.

A cost of living increase is not automatically added to the statutory fee. *Mathews-Sheets*, 653 F.3d at 563. However, an attorney is not required to show both that inflation justifies a higher fee *and* a special factor such as the unavailability of lawyers able to handle such cases at a lower rate in the relevant geographic area. *Id.* at 565. Mr. Allen's counsel stated that the cost to operate his practice in Frankford, Indiana has increased 99.7% from 1996 to 2010, which is almost twice the amount that the CPI increased for the same period. The Court finds that Mr. Allen's counsel has shown that inflation has had an impact upon the costs associated with

operating his practice. Therefore, the Court finds that the increase above the statutory amount is reasonable, and Mr. Allen is entitled to the requested hourly rate of $188.75.

## II. CONCLUSION

Mr. Allen's Petition for Attorney Fees Under the Equal Access to Justice Act (Dkt. 30) is hereby **GRANTED**. For the reasons set forth above, the Court finds the amount of $9,626.25 in attorney's fees to be reasonable. The Court awards to Mr. Allen attorney's fees under 28 U.S.C. § 2412(d) in the amount of $9,626.25, and the Commissioner shall direct that the award be made payable to Mr. Allen's counsel consistent with the assignment in the record (Dkt. 31-1) within thirty (30) days of the entry of this Entry.

**SO ORDERED**.

Date: 10/07/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

C. David Little
POWER LITTLE & LITTLE
powerlittl@accs.net

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov